1        UNITED STATES DISTRICT COURT

2        WESTERN DISTRICT OF NEW YORK

3

4

5 - - - - - - - - - - - - -X
UNITED STATES OF AMERICA            12-CR-6126(G)

6 vs.

7                                   Rochester, New York
CHELLSIE BLUE,                      January 8, 2014

8           Defendant.              10:00 a.m.
- - - - - - - - - - - - - -X

9

10

11              TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HONORABLE FRANK P. GERACI, JR.
12              UNITED STATES DISTRICT JUDGE

13

14              WILLIAM J. HOCHUL, JR., ESQ.
                United States Attorney
15              BY: TIFFANY H. LEE, ESQ.
                Assistant United States Attorney
16              6200 Federal Building
                Rochester, New York 14614
17

18

19              MARIANNE MARIANO, ESQ.
                Federal Public Defender
                BY: MARK D. HOSKEN, ESQ.
20              Assistant Federal Public Defender
                28 East Main Street, Suite 400
21              Rochester, New York 14614
                Appearing on behalf of the Defendant

22

23
COURT REPORTER:     Christi A. Macri, FAPR, RMR, CRR, CRI
24                  Kenneth B. Keating Federal Building
                    100 State Street, Room 4240
25                  Rochester, New York 14614

<u>**P R O C E E D I N G S**</u>

\*          \*          \*

(**WHEREUPON**, Jerese Blue and Chellsie Blue are present).

09:59:57AM    **THE COURT:** Are you Chellsie Blue?

**DEFENDANT CHELLSIE BLUE:** Yes.

**THE COURT:** Appearing with your attorney, Mr. Hosken?

**DEFENDANT CHELLSIE BLUE:** Yes.

10:07:52AM    **THE COURT:** And how do you say your first name?

**DEFENDANT CHELLSIE BLUE:** Chellsie.

**THE COURT:** No, your sister.

**DEFENDANT JERESE BLUE:** Jerese.

**THE COURT:** Jerese?

10:08:02AM    **MR. MULDOON:** Jerese.

**THE COURT:** Okay, Jerese Blue; is that right?

**DEFENDANT JERESE BLUE:** Yes.

**THE COURT:** Appearing with your attorney, Mr. Muldoon --

10:08:07AM    **DEFENDANT JERESE BLUE:** Yes.

**THE COURT:** -- is that right?

Okay, we're going to handle these individually, correct?  So we'll start with Ms. Chellsie Blue.  And then we'll proceed with Jerese right afterwards, okay?

10:08:28AM    Ms. Chellsie Blue, over the next several minutes

1  I'm going to be asking you a series of questions.  It's

2  important that you give honest answers to the Court.  You'll

3  be placed under oath.  If you fail to give honest answers, do

4  you understand you could be charged with perjury?

10:08:44AM 5          **THE DEFENDANT:** Yes.

6          **THE COURT:** Okay.  Also, if you don't understand

7  anything at any time, take the opportunity to step back and

8  ask Mr. Hosken any questions.  If you have any questions of

9  the Court, feel free to ask me any questions as well, but I

10:08:57AM10  would ask first that you ask that question of your attorney.

11          Do you understand that as well?

12          **THE DEFENDANT:** Yes.

13          **THE COURT:** Okay.  At this time the clerk will place

14  you under oath.

10:09:06AM15          (**WHEREUPON**, Ms. Chellsie Blue was administered the

16  oath).

17          **THE COURT:** Now, Ms. Blue, how old are you?

18          **THE DEFENDANT:** 23.

19          **THE COURT:** How far did you go in school?

10:09:23AM20          **THE DEFENDANT:** 9th grade, I'm getting my GED now.

21          **THE COURT:** Okay.  Are you currently taking any

22  medications or drugs?

23          **THE DEFENDANT:** No, Your Honor.

24          **THE COURT:** Are you under the influence of any

10:09:32AM25  alcohol at this time?

1              **THE DEFENDANT:** No, Your Honor.

2              **THE COURT:** Okay.  Do you have any physical or

3    mental condition affecting your ability to understand anything

4    that's occurring this morning?

10:09:42AM 5              **THE DEFENDANT:** No, Your Honor.

6              **THE COURT:** Okay.  Have you had the opportunity to

7    review this plea agreement with your attorney?

8              **THE DEFENDANT:** Yes, Your Honor.

9              **THE COURT:** Are you here of your own free will?

10:09:50AM 10              **THE DEFENDANT:** Yes.

11              **THE COURT:** Has anybody forced you or coerced you

12    into a plea today?

13              **THE DEFENDANT:** No, Your Honor.

14              **THE COURT:** Do you understand that you have a right

10:09:57AM 15    to proceed to trial on this matter?

16              **THE DEFENDANT:** Yes, Your Honor.

17              **THE COURT:** When you plead guilty, you're giving up

18    that right?

19              **THE DEFENDANT:** Yes.

10:10:02AM 20              **THE COURT:** Do you understand you're giving up your

21    right to allow your attorney to cross-examine witnesses on

22    your behalf?

23              **THE DEFENDANT:** Yes.

24              **THE COURT:** That you're giving up your right to have

10:10:10AM 25    the Government prove this case beyond a reasonable doubt?

1          **THE DEFENDANT:** Yes.

2          **THE COURT:** When you plead guilty, it's the same as

3     if you were found guilty after we had a trial.

4          Do you understand that?

10:10:19AM 5          **THE DEFENDANT:** Yes.

6          **THE COURT:** At this time I'm going to review this

7     plea agreement with you.  Again, if there's something you

8     don't understand, ask Mr. Hosken, okay?

9          **THE DEFENDANT:** Mm-hmm, yes.

10:10:37AM 10          **THE COURT:** Ms. Blue, this agreement indicates

11    you've agreed to waive indictment.  What that means is you're

12    giving up your right to have this case presented to a grand

13    jury.

14          Do you understand that?

10:10:48AM 15          **THE DEFENDANT:** Yes.

16          **THE COURT:** That instead of an indictment filed by a

17    grand jury, there will be an information filed by the

18    Government which charges you with -- through what's called a

19    superseding information with a charge of -- is it sex

10:11:05AM 20    trafficking?

21          **MS. LEE:**  Conspiracy to commit sex trafficking,

22    Your Honor.

23          **THE COURT:** Conspiracy to commit sex trafficking.

24          Do you understand that?

10:11:12AM 25          **THE DEFENDANT:** Yes.

1          THE COURT:  Do you understand that the maximum

2    penalty for that charge involves a term of imprisonment for

3    life?

4          **THE DEFENDANT:** Yes.

10:11:19AM 5          **THE COURT:** That involves a fine of $250,000; a

6    mandatory $100 special assessment; and a period of supervised

7    release of five years up to life.

8          Do you understand that?

9          **THE DEFENDANT:** Yes.

10:11:30AM 10          **THE COURT:** Those are the maximum sentences.

11          Do you understand that?

12          **THE DEFENDANT:** Yes.

13          **THE COURT:** Do you understand that if there's any

14    restitution in this case, the Court will be required to order

10:11:40AM 15    that you pay restitution?

16          Do you understand that as well?

17          **THE DEFENDANT:** Yes.

18          **THE COURT:** Do you understand that if you were

19    sentenced to a period of incarceration, and then a period of

10:11:50AM 20    supervised release, and you violated the conditions of

21    supervised release, that you could be sentenced up to a period

22    of five years incarceration without receiving credit for the

23    time you served on supervised release?

24          **THE DEFENDANT:** Yes.

10:12:01AM 25          **THE COURT:** Okay.  Do you understand that after you

1    were convicted of this charge, that you would be considered a

2    sex offender and would have to register under the Sex Offender

3    Registration and Notification Act?

4              **THE DEFENDANT:** Yes.

10:12:13AM  5              **THE COURT:** That means notifying local authorities

6    where you reside, where you're employed, and if you're a

7    student somewhere, where you're a student.

8              Do you understand that?

9              **THE DEFENDANT:** Yes.

10:12:23AM 10              **THE COURT:** At this time, Ms. Blue, I'm going to

11    review with you the elements of this particular charge that

12    you would be entering a plea.

13              First, the Government would have to prove if this

14    matter were to proceed to trial four elements.

10:12:40AM 15              The first being that there was a conspiracy or an

16    agreement to recruit, harbor, entice, transport, obtain or

17    maintain by any means in and affecting interstate and foreign

18    commerce a person, knowing and in reckless disregard of the

19    fact that the person was under the age of 18 and would be

10:13:04AM 20    called to engage in commercial sex acts.

21              Do you understand that --

22              **THE DEFENDANT:** Yes.

23              **THE COURT:**  -- those are the elements the

24    Government would have to prove?

10:13:11AM 25              **THE DEFENDANT:** Yes.

1          **THE COURT:** Okay.  Now, I'm going to review with you

2     what is alleged is your involvement in this particular

3     offense, and tell me if you agree with these facts as alleged.

4          This indicates that between April 4th, 2012 and

10:13:27AM 5     April 18th, 2012, that you, Chellsie Blue, did knowingly in

6     and affecting interstate and foreign commerce, combine, agree,

7     confederate and agree with your sister Jerese Blue to commit

8     an offense against the United States, specifically, to

9     recruit, entice, harbor, transport, provide, obtain and

10:13:52AM 10     maintain two individuals who are listed in this document as

11     victims 1 and 2, knowing and in reckless disregard of the fact

12     that those two individuals identified as victims 1 and 2 had

13     not obtained the age of 18 and would be caused to engage in a

14     commercial sex act.

10:14:13AM 15          Is that correct?  Is that what you were involved

16     with?

17          **THE DEFENDANT:** Yes, Your Honor.

18          **THE COURT:** And during these periods of time between

19     April 4th, 2012 and April 18th, 2012, that you and Jerese Blue

10:14:24AM 20     knew and acted with reckless disregard of the fact that those

21     two individuals, victim 1 and victim 2, were under the age of

22     18 and would be caused to engage in a commercial sex act.

23          Is that correct?

24          **THE DEFENDANT:** Yes.

10:14:39AM 25          **THE COURT:** This further indicates that you and

1   Jerese Blue did pay for and post advertisements for these

2   individuals, victims 1 and 2, as escorts on backpage.com, an

3   internet advertising website, knowing that the victims would

4   be caused to engage in commercial sex acts.

10:15:00AM 5          Is that correct?

6         **THE DEFENDANT:** Yes, Your Honor.

7         **THE COURT:** And that you and, again, Jerese Blue

8   further provided transportation to those two individuals,

9   victims 1 and 2, to meet with customers to engage in

10:15:12AM 10   commercial sex acts and allow the use of residences on

11   Arnett Boulevard to allow them to engage in commercial sex

12   acts.

13          Is that all correct?

14         **THE DEFENDANT:** Yes, Your Honor.

10:15:24AM 15         **THE COURT:** Do you understand that this particular

16   offense carries particular penalties under the guidelines?

17         I'm going to review that with you at this time.

18   First of all, that this particular offense has what's called a

19   base offense level of a level 30.

10:15:43AM 20         Do you understand that?

21         **THE DEFENDANT:** Yes, Your Honor.

22         **THE COURT:** That there's a two level increase in

23   that level based upon the fact that there's use of a computer

24   to entice, encourage, offer, solicit a person to engage in

10:15:56AM 25   prohibited sex conduct with a minor.

1          Do you understand that as well?

2          **THE DEFENDANT:** Yes.

3          **THE COURT:** And that there's an additional two level

4 increase based upon the fact that the offense involved the

10:16:07AM 5 commission of a sex act.

6          Do you understand that?

7          **THE DEFENDANT:** Yes.

8          **THE COURT:** So when you add those four levels

9 increase to the 30, it results in an adjusted offense level of

10:16:19AM 10 level 34 relating to victim 1.

11          Do you understand that?

12          **THE DEFENDANT:** Yes.

13          **THE COURT:** Regarding victim 2, that again the base

14 offense level is 30, that there again applies those same two

10:16:34AM 15 level increases for the use of a computer, and the offense

16 involving commission of a sex act, resulting in an offense

17 level for victim 2 of 34 as well.

18          Do you understand that?

19          **THE DEFENDANT:** Yes.

10:16:46AM 20          **THE COURT:**  Okay.  Do you understand that based

21 upon your acceptance of responsibility by your plea of guilty,

22 and your acknowledgment of your involvement in this offense,

23 that there would be a recommendation for a three level

24 downward adjustment in that score that would result in a total

10:17:05AM 25 offense level of 33.

1          Do you understand that?

2          **THE DEFENDANT:** Yes.

3          **THE COURT:** Now, based upon your criminal history,

4    do you understand you would be categorized as a criminal

10:17:15AM 5    history category I, which is the lowest level?

6          **THE DEFENDANT:** Yes.

7          **THE COURT:** Is that correct?  Does the defendant

8    have any prior criminal record?

9          **MS. LEE:**  No, not that the Government believes.

10:17:24AM 10          **THE COURT:** The next part of the guidelines is the

11   Court putting together that offense level together with the

12   criminal history category and coming up with a range of

13   sentences under the guidelines.

14          Do you understand that?

10:17:36AM 15          **THE DEFENDANT:** Yes.

16          **THE COURT:** When the Court puts together the

17   criminal total offense level of 33 with a criminal history

18   category of I, that your sentencing range would be from 135

19   months to 168 months.

10:17:50AM 20          Do you understand that?

21          **THE DEFENDANT:** Yes.

22          **THE COURT:** Would involve a fine of between $17,500

23   and $175,000, and a period of supervised release between five

24   years and life.

10:18:01AM 25          Do you understand that?

1          **THE DEFENDANT:** Yes, Your Honor.

2          **THE COURT:** Do you understand that under this plea

3   agreement you're subject to the maximum penalties that I

4   indicated to you in the beginning of this discussion?

10:18:13AM 5          Do you understand that?

6          **THE DEFENDANT:** Yes.

7          **THE COURT:** And do you understand under this

8   agreement both the Government and the defendant have reserved

9   the right to recommend a sentence outside those guidelines?

10:18:32AM 10  So the guidelines sentence is between 135 and 168 months.  You

11  heard -- I indicated what the maximum sentences are.

12          Do you understand that?

13          **THE DEFENDANT:** Yes.

14          **THE COURT:** So the Government can make a

10:18:41AM 15  recommendation and your counsel as well on your behalf can

16  make a recommendation regarding the sentence which could be

17  less than that.

18          Do you understand that?  Or more than that?

19          **THE DEFENDANT:** Yes.

10:18:50AM 20          **THE COURT:** Do you understand?

21          **THE DEFENDANT:** Yes.

22          **THE COURT:** Do you understand that if for some

23  reason this plea was withdrawn, vacated or set aside, that

24  you're agreeing that the charges dismissed would then be

10:19:04AM 25  reinstated automatically?

1          Do you understand that?

2          **THE DEFENDANT:** Yes.

3          **THE COURT:** And that the time period to file

4   charges, you would be waiving that or giving that up, which is

10:19:12AM 5   called waiver of the statute of limitations.

6          Do you understand that as well?

7          **THE DEFENDANT:** Yes.

8          **THE COURT:** Okay.  Do you understand the Government

9   through this agreement is reserving their right to provide

10:19:24AM 10   Probation with information regarding this offense as well as

11   your background and history?

12          **THE DEFENDANT:** Yes.

13          **THE COURT:** That they are reserving their right to

14   respond to sentencing -- at sentencing to any statements you

10:19:36AM 15   make to Probation or to the Court?

16          **THE DEFENDANT:** Yes.

17          **THE COURT:** Okay.  And that they are reserving their

18   right to advocate for a specific sentence consistent with this

19   agreement.

10:19:46AM 20          Do you understand all that?

21          **THE DEFENDANT:** Yes.

22          **THE COURT:** Do you understand the Government

23   indicates they will dismiss the indictment pending in this

24   case based upon the fact you'll be pleading guilty to what's

10:20:02AM 25   called a "superseding information"?

1    Do you understand that?

2    **THE DEFENDANT:** Yes.

3    **THE COURT:**  That would occur at the time of

4  sentencing.

10:20:07AM 5    Do you understand?

6    **THE DEFENDANT:** Yes.

7    **THE COURT:** Do you understand you're agreeing to

8  provide any financial records or information to Probation

9  which then can be disclosed to the U.S. Attorney's Office for

10:20:19AM 10  the collection of any unpaid financial obligations, including

11  fines or assessments?

12    Do you understand that?

13    **THE DEFENDANT:** Yes.

14    **THE COURT:** Or if there's restitution.

10:20:25AM 15    Do you understand that as well?

16    **THE DEFENDANT:** Yes.

17    **THE COURT:** Do you understand that you've limited

18  your right to appeal the sentence in this case if, in fact,

19  the Court imposes a sentence consistent with this agreement,

10:20:37AM 20  that you would not be able to appeal that?

21    Do you understand that?

22    **THE DEFENDANT:** Yes.

23    **THE COURT:** If there's other issues for appeal,

24  obviously you can discuss that with your counsel.

10:20:46AM 25    In addition, there's what's called a "forfeiture

1  provision" in this particular case, which indicates that

2  you're agreeing to give up any claim of ownership in a

3  EEE laptop computer and an LG Verizon cellular phone.

4        Do you understand that?

10:21:05AM 5        **THE DEFENDANT:** Yes.

6        **THE COURT:** Those two items were seized apparently

7  by law enforcement during the execution of a search warrant;

8  is that right?

9        **THE DEFENDANT:** Yes.

10:21:13AM 10        **THE COURT:** Do you understand what that means is

11  you're giving up your right to make any claim to that

12  property, and in turn it will be forfeited to the Government?

13        Do you understand?

14        **THE DEFENDANT:** Yes.

10:21:22AM 15        **THE COURT:** Okay.  Is there anything about the

16  agreement that you're confused about or anything you want to

17  ask Mr. Hosken?

18        **THE DEFENDANT:** No.

19        **THE COURT:** Okay.  I'd like to proceed with the

10:21:45AM 20  defendant signing the agreement at this time.

21        **MR. HOSKEN:** Yes, Your Honor.

22        **MS. LEE:**  Your Honor, if we may?  I would like to

23  make a couple of just typographical corrections to the factual

24  basis of the plea agreement and to the superseding

10:22:35AM 25  information.

1          **THE COURT:** Sure.

2          **MS. LEE:**  That were handed up to you.  I just want

3    to make the dates consistent to what was in the original

4    indictment.

10:22:45AM 5          So the time period should be charged between, I

6    think, April 14th and April 18th of 2012 as opposed to

7    April 4th to April -- well, I'm okay with the factual basis I

8    guess as stated in the plea agreement.

9          **THE COURT:** That indicates April 4th to the 18th.

10:23:08AM 10   Should that be the time period?

11          **MS. LEE:**  I think that's okay.  I think it's the

12   information that's -- that compresses the time period to, I

13   think, April 4 to 14th?  So it's the information I believe

14   that should be corrected.  Hold on.  Yes.

10:23:32AM 15          **THE COURT:** Corrected to what?

16          **MS. LEE:**  To between on or about April 4, 2012 and

17   April 18th of 2012.

18          **MR. HOSKEN:** There's no correction to the plea

19   agreement then, Your Honor?

10:23:45AM 20          **MS. LEE:**  No.

21          **MR. HOSKEN:** Okay, I'll hand it up, Judge.  It's

22   been signed by my client, myself and the Government.

23          **THE COURT:** Do you have any objection to changing

24   the date on the superseding information to reflect the dates

10:23:55AM 25   of April 4th to April 18th?

1          **MR. HOSKEN:** No, Your Honor.

2          **THE COURT:** Based upon that, the Court will allow

3    the amendment to reflect the dates of April 4, 2012 to

4    April 18th, 2012.

10:24:11AM 5          The Court does have before it the plea agreement

6    which has been signed by the prosecution, the defendant and

7    defense counsel.

8          I was just checking the date, I didn't realize

9    today is the 8th, but it is.  You also reviewed with your

10:24:30AM 10   client the waiver of indictment at this time?

11          **MR. HOSKEN:** Going through that right now, Your

12   Honor.

13          **THE COURT:** Thank you.

14          You know, Ms. Blue, by signing this document which

10:25:37AM 15   is entitled "waiver of indictment," as I previously indicated,

16   you're giving up your right to have this matter presented to a

17   grand jury?

18          **THE DEFENDANT:** Yes.

19          **THE COURT:** That instead of a grand jury, there will

10:25:46AM 20   be a superseding information filed which has the same force

21   and effect as an indictment filed by a grand jury?

22          **THE DEFENDANT:** Yes.

23          **THE COURT:** Do you have any questions about this

24   procedure?

10:25:55AM 25          **THE DEFENDANT:** No.

1          **THE COURT:** Based upon that the Court will sign the

2    waiver of indictment, which has been signed previously by

3    Ms. Blue and her counsel.

4          She's ready to proceed at this time?

10:26:10AM 5          **MR. HOSKEN:** Yes, Your Honor.

6          **THE COURT:** Ms. Blue, first of all, you've had

7    Mr. Hosken as your attorney throughout these proceedings; is

8    that correct?

9          **THE DEFENDANT:** Yes.

10:26:17AM 10          **THE COURT:** Do you understand you have a right to

11    have counsel through all these proceedings, including right

12    through sentencing?

13          **THE DEFENDANT:** Yes.

14          **THE COURT:** And are you satisfied with the

10:26:25AM 15    representation he's provided to you?

16          **THE DEFENDANT:** Yes.

17          **THE COURT:** Okay.  At this time I'm going to go

18    through this superseding information with you and then ask you

19    at the end whether or not you plead guilty or not guilty to

10:26:36AM 20    that, okay?

21          **THE DEFENDANT:** Yes.

22          **THE COURT:** Chellsie Blue, this indicates that

23    between April 4th, 2012 and April 18th, 2012, in the Western

24    District of New York, that you Chellsie Blue did knowingly,

10:26:53AM 25    willfully and unlawfully combine, conspire and agree with

Jerese Blue and others to knowingly recruit, entice, harbor, transport, provide, obtain and maintain by any means in and affecting interstate and foreign commerce victim 1 and victim 2, persons known to the grand jury, persons under the age of 18, knowing and in reckless disregard of the fact that victim 1 and victim 2 had not obtained the age of 18 years, and that victim 1 and victim 2 would be caused to engage in a commercial act -- commercial sex act, excuse me, in violation of the United States Code.

So I'd ask you at this time how do you plead to conspiracy to commit sex trafficking of a minor, guilty or not guilty?

**THE DEFENDANT:** Guilty.

**THE COURT:** All right. The Court has had the opportunity to observe Ms. Blue. She appears to be an intelligent young woman who did respond to all the Court's questions appropriately. She has been represented by Mr. Hosken throughout this proceeding, indicated she's satisfied with that representation.

Indicated that she has no physical or mental condition affecting her ability to understand anything that occurred today; that she's pleading knowingly and voluntarily.

She did articulate a factual basis for the plea to the superseding information.

Therefore, the Court at this time will accept the

1  plea of guilty.

2                Did you give me a date, Maggie?

3                **THE CLERK:**  I did not.

4                **THE COURT:** Talking some time in April, right?

10:29:01AM 5                **THE CLERK:**  Anything in the afternoon, April 7th --

6  let's see, afternoon.

7                **THE COURT:** The 9th, how about the 9th?  We've got a

8  3 o'clock already.

9                **THE CLERK:**  3:30, I was going to say 3:30 or on the

10:29:17AM 10  9th at 3:00.

11               **THE COURT:** Let's do that.  How is April 9th, 3:00

12  p.m.?

13               **MR. HOSKEN:** Fine with me, Your Honor.

14               **MS. LEE:**  That's fine.

10:29:27AM 15               **THE COURT:** Ms. Blue, we're going to put the matter

16  on for April 9th, 3:00 p.m. for sentencing.  Between now and

17  then you'll be in contact with Probation.  It's important

18  Mr. Hosken know of any meetings you have with Probation so he

19  can be part of that and make sure you cooperate with them.

10:29:44AM 20  They will get a report to the Court, the information contained

21  in that report is going to be critical as to the sentence the

22  Court ultimately decides to impose.

23               Do you understand that?

24               **THE DEFENDANT:** Yes.

10:29:52AM 25               **THE COURT:** Okay.  Regarding the defendant's status

1  at this time?

2  **MS. LEE:**  Your Honor, currently Ms. Blue is

3  released.  The Government notes that pursuant to our office

4  policy, it's our position that the statute requires her remand

10:30:09AM 5  subject to an application by defense counsel to establish

6  exceptional circumstances.

7  I will state for the record that Ms. Blue has been

8  relatively compliant while she has been on release.  She is

9  subject to electronic monitoring, which is mandated by the

10:30:28AM 10  Adam Walsh Child Protection and Safety Act.

11  And I say "relatively compliant" because earlier on

12  when the case was charged by way of criminal complaint,

13  Ms. Blue did have some drug abuse issues, but since we were

14  back before Judge Feldman for some modification of conditions,

10:30:51AM 15  it's our understanding that she -- we haven't had any negative

16  reports with respect to that issue.

17  And it's also -- it was advised to me by Mr. Hosken

18  that Ms. Blue gave birth fairly recently to a newborn child.

19  **THE COURT:** Mr. Hosken?

10:31:08AM 20  **MR. HOSKEN:** Thank you, Judge.  Starting with the

21  most recent information, about 8 o'clock this morning I spoke

22  with Ms. Blue's supervising Probation Officer, Mr. Varalli.  I

23  inquired as to Ms. Blue's response to pretrial supervision and

24  Mr. Varalli told me she has been compliant since her release

10:31:29AM 25  from custody.

1       To give the Court some additional information that

2   Ms. Lee kind of touched on, Judge, initially I was appointed

3   to represent Ms. Blue when she was released on May 25th of

4   2012, almost two years ago.

10:31:43AM 5       She was -- she struggled with marijuana use and

6   subsequently, Your Honor, she was detained pursuant to the

7   Government's motion and Judge Feldman's determination from the

8   middle of April of last year through the middle of May.

9       Subsequently -- and that was for her continued use

10:32:01AM 10  of marijuana.

11       **THE COURT:** Was that 2013?

12       **MR. HOSKEN:** Yes, Your Honor.  So a little over a

13  year ago -- a little less than a year ago she was jailed for a

14  month.

10:32:10AM 15      During that month's time, Your Honor, she was

16  housed at the Monroe County jail, and I think Judge Feldman

17  and perhaps the Government saw it as a reeducation tool

18  because since she has been released now since mid May, she has

19  been, as Mr. Varalli said, compliant.

10:32:29AM 20      I can tell the Court a couple of things: Ms. Blue,

21  it is, in fact, true that on November 3rd she gave birth to

22  her second daughter, Your Honor, a daughter who is a little

23  over two months old.  She also has a 6 year old daughter.

24       They reside in the house with my client as well as

10:32:45AM 25  with her mother, who is in the courtroom, and Chellsie

1   provides support for her mother, her younger brother and her

2   two children that are in the house.

3          They are in the process of moving from

4   Arnett Boulevard to West Side Terrace.  And her mother, who is

10:33:01AM 5   in the courtroom, struggles with many physical health issues,

6   including she's 47 years of age, she struggles with Sickle

7   Cell, Judge, she has to use a cane, she's on blood thinners,

8   she fell, has a deep laceration on her lower right leg.  Other

9   than coming to court, she's been unable to leave the home, the

10:33:23AM 10  mother has, except for doctor's appointments.  She came to

11  court today in support of her daughters.

12         Based upon all those factors, I believe, Judge,

13  that under the circumstances that are present before this

14  Court in this case, there are exceptional circumstances.  And

10:33:38AM 15  in light of the fact that these are unique and extraordinary

16  in this case, I'm asking that you continue Ms. Blue's release

17  until the April 9th date for sentencing, Your Honor.

18         **THE COURT:** Thank you.  Is Ms. Blue currently

19  working?

10:33:53AM 20         **MR. HOSKEN:** No, Your Honor.  She was -- she was

21  engaged in a GED program.  She was -- there was some attempts

22  to job readiness, but about the same time she came out of

23  jail, she was in the early stages of pregnancy, Your Honor, so

24  she was engaged -- I know that her and her sister were

10:34:11AM 25  actively engaged in a GED program through Gates-Chili High

1  School, they were traveling out to Gates a couple times.  My

2  client has also successfully completed the Huther Doyle

3  program.

4  So all those things at that point, Judge, there was

10:34:24AM 5  just too many things going on that I think it was determined

6  that it was probably best that she not seek employment at that

7  time.  So she's not currently employed, Judge.

8  **THE COURT:** Okay.  When you stated earlier she's

9  supporting the other members of the household, you didn't mean

10:34:38AM 10  financially?

11  **MR. HOSKEN:** No, Your Honor.  I'm talking about

12  physical support as well as emotional support, Your Honor.

13  **THE COURT:** Okay.  Thank you.

14  Ms. Blue, based upon what I've heard, I am going to

10:34:48AM 15  continue your release under the same conditions, electronic

16  monitoring and the other conditions of your release as

17  previously set.

18  I do believe that you do not present a flight risk,

19  there's been no indication that you would flee the

10:35:03AM 20  jurisdiction.

21  I do not believe that you present a danger to the

22  community.

23  And based upon the articulation by your counsel

24  regarding what's occurring in your life, your child, the fact

10:35:16AM 25  that you're really taking care of two children, other members

1  of the household, I do believe that those do present

2  exceptional circumstances to allow your continued release

3  pending sentencing.

4          If, however, there's any problems, particularly

10:35:32AM 5  including drug use or anything else of that sort, that status

6  could change.

7          Do you understand that?

8          **THE DEFENDANT:** Yes.

9          **THE COURT:** Make sure there's no problems, okay?  So

10:35:40AM 10  continue your release at this point.  The matter is on for

11  April 9th, 3:00 p.m. for sentencing.

12          **MR. HOSKEN:** Thank you very much, Your Honor.

13          **THE COURT:** Thank you.

14          (**WHEREUPON**, the proceedings adjourned at 10:35

10:35:49AM 15  a.m.)

## CERTIFICATE OF REPORTER

16

17

18          In accordance with 28, U.S.C., 753(b), I certify that

19  these original notes are a true and correct record of

20  proceedings in the United States District Court for the

21  Western District of New York before the Honorable Frank P.

22  Geraci, Jr. on January 8th, 2014.

23

24  S/ Christi A. Macri

25  Christi A. Macri, FAPR-RMR-CRR-CRI
    Official Court Reporter